# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JERRY A. WHITTIKER and<br>FRANCES G. WHITTIKER<br>4680 East 85th Street<br>Garfield Heights, Ohio 44125<br><br>and<br><br>VALERIA KIMBALL<br>1338 Elwood Rd.<br>East Cleveland, Ohio 44112<br>on behalf of themselves and all others<br>similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL<br>TRUST COMPANY<br>1761 East St. Andrew Place<br>2nd Floor<br>Santa Ana,  CA 92705<br><br>and<br><br>MANLEY DEAS KOCHALSKI LLC<br>495 S. High Street – Suite 300<br>Columbus, Ohio 43215-5869<br><br>and<br><br>REISENFELD & ASSOCIATES<br>2035 Reading Road<br>Cincinnati, Ohio 45202<br><br>and | CASE NO.<br><br>JUDGE<br><br><br>**CLASS ACTION COMPLAINT**<br><br>(With Jury Demand) |

WELTMAN, WEINBERG & REIS CO.,
L.P.A.
323 West Lakeside Avenue – Suite 200
Cleveland, Ohio 44113-1099

Defendants.

For their Complaint against the Defendants, the Plaintiffs, on behalf of themselves and one or more classes or subclasses of those similarly situated, state as follows:

## SUMMARY OF CASE

1.    This is an action for violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2), (5) and (10), Ohio's Pattern of Corrupt Activities Act, R.C. § 2923.32 ("Ohio RICO"), and for appointment of a receiver under R.C. § 2735.01.  It is brought by one or more classes of mortgagors who have been sued by the defendants to foreclose on their properties.

2.    Defendant Deutsche Bank National Trust Co. ("DBNTC"), as nominal trustee for the holders of various mortgages and mortgage-backed securities, has filed thousands of foreclosure actions in state and federal courts in Ohio, including against the plaintiff, under false pretenses, without the legal standing to bring such suits, and without complying with Ohio law governing its activities as a trust company.  These filings represent a pattern of corrupt and illegal activity as defined by Ohio law through which DBNTC has charged millions in fees, court costs and other expenses against the potential class-

- 2 -

members' property, and through which DBNTC has obtained title to the named plaintiffs' and other potential class-members' property.

3.     DBNTC has routinely filed suit against potential class-members, and on many occasions received distributions from the sale of their properties, without possessing legally enforceable, recorded assignments which demonstrate the chain of ownership and assignment of the mortgages from the actual mortgagees.  Under Ohio law, "before an entity would be entitled to receive a distribution from the sale of [real] property, their interest therein must have been recorded in accordance with Ohio law."  *In re Foreclosure Cases*, 2007 WL 3232430, *2 (N.D. Ohio October 31, 2007) (the "Judge Boyko Decision").

4.     Moreover, defendant DBNTC is engaging in a wide variety of activities as trustee in this state, without adhering to the requirements of R.C. §§ 1111.03(B) and 1111.04(A).  Pledging the securities required in R.C. § 1111.04 is a necessary prerequisite to engaging in trust business in Ohio, even for a national bank such as DBNTC.

5.     DBNTC's pattern and practice of seeking and obtaining foreclosure judgments in state and federal courts without a duly recorded assignment, without evidence of a chain of assignment of the notes and mortgages, and without the right to engage in trust business in Ohio constitutes a "false, deceptive or misleading representation or means" in connection with the collection of a debt, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.   It also constitutes an offense against justice and public

administration in violation of R.C. § 2921.03, and therefore constitutes a pattern of corrupt activity as required to maintain an action for violation of Ohio's RICO statute.  The defendant law firms have independent obligations to the Courts in Ohio and to the plaintiffs not to engage in such misconduct, but they have nevertheless served as the vehicle through which DBNTC has perpetrated its deceptive and unauthorized conduct.

6.    In this action, plaintiffs seeks to recover actual and statutory damages, including treble damages under the Ohio RICO statute, as well as attorney fees and costs as permitted by law.  In addition, plaintiffs seek the appointment of a receiver to recover from DBNTC the charges it collected from plaintiffs, as well any interests in real property it acquired illegally, and to collect from the defendant law firms the fees obtained from these improper foreclosures. The receiver should determine the proper allocation and ownership of these funds and property interests.

## JURISDICTION

7.    The Court has original jurisdiction over Plaintiffs' Fair Debt Collection Practices Act claim pursuant to 28 U.S.C. § 1331.

8.    The Court has supplemental jurisdiction over the other claims in this Complaint under 28 U.S.C. § 1367(a), because together Plaintiffs' claims form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

9.     Plaintiffs Jerry A. Whittiker and Frances G. Whittiker are individuals residing in Garfield Heights, Ohio.

10.     Plaintiff Valeria Kimball is an individual residing in East Cleveland, Ohio.

11.     Defendant DBNTC is a national banking association organized and existing under the laws of the United States, with its principal place of business in Irvine, California.

12.     Upon information and belief, DBNTC is not authorized to engage in "trust business" in Ohio because it has failed to comply with R.C. §§ 1111.03(B) and 1111.04(A), which require trust companies, including any national bank that has been granted fiduciary powers by the comptroller of the currency, to pledge securities to the Ohio Treasurer of State prior to engaging in trust business in this state.  Section 1111.03 of the Revised Code permits a national bank such as DBNTC to engage in trust business in Ohio without being subjected to oversight or inspection by Ohio's banking authorities, but only after pledging $100,000 in qualified securities to the Treasurer of Ohio.  DBNTC has not done so, yet is engaging in a wide variety of activities as trustee in this state.

13.     These activities as trustee include acquiring, holding and transferring mortgages on property in this state, as well as receiving assignments of promissory notes, enforcing the notes, by suit and otherwise, foreclosing on the mortgages, purchasing foreclosed properties at auction, owning the

properties and selling them.  Also, DBNTC is acting as trustee of mortgage-backed securities under various pooling and servicing agreements.  Upon information and belief, some of these securities are owned by individuals and entities resident in Ohio.

14.     Defendant Manley Deas Kochalski LLC is a law firm located in Columbus, Ohio.  A substantial portion of the firm's practice consists of debt collection and foreclosures.

15.     Defendant Reisenfeld & Associates is a law firm located in Cincinnati, Ohio.  A substantial portion of the firm's practice consists of debt collection and foreclosures.

16.     Defendant Weltman Weinberg & Reis Co., L.P.A. is a law firm headquartered in Cleveland, Ohio.  A substantial portion of the firm's practice consists of debt collection and foreclosures.

17.     All of the defendants are "debt collectors" as defined in 15 U.S.C. 1692e, because they regularly use instrumentalities of interstate commerce, and the mails, in attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, namely, the actual lenders, mortgagors and certificate-holders under the above-referenced pooling and servicing agreements. Upon information and belief, the defendant law firms regularly represented defendant DBNTC in suits against potential class-members to collect on notes and foreclose on mortgages.

## FACTUAL BACKGROUND

## THE WHITTIKER FORECLOSURE

18.     On December 16, 2004, Plaintiff Frances G. Whittiker executed an adjustable rate promissory note in the principal amount of $98,100 to First NLC Financial Services, LLC.  The note was secured by a mortgage to First NLC on property located at 18408 Mapleboro Avenue in Maple Heights, Ohio identifying Jerry A. Whittiker and Frances G. Whittiker as "borrowers."

19.     On December 1, 2006, Defendant DBNTC "As Indenture Trustee, In Trust For The Registered Holders of Argent Mortgage Loan, Asset-Backed Notes, Series 2005-W1 under the Pooling and Servicing Agreement Dated as of April 1, 2005, Assignee of First NLC Financial Services, LLC" sued the Whittikers in this Court for money damages and to foreclose on the property.

20.     The Complaint alleged that "Plaintiff is the owner and holder of a Promissory Note, executed by Defendant, Frances G. Whittiker…"  This was not a true statement at the time the Complaint was filed.

21.     Defendant DBNTC acknowledged as much when on March 23, 2007, it filed a Motion for Substitution of Plaintiff under Ohio Civil Rule 25(C) in which it claimed that the "Mortgage on the property which is the subject of the within Foreclosure action, has been assigned to Deutsche Bank National Trust Company, As Indenture Trustee, In Trust for the Registered Holders of Argent Mortgage Loan, Asset-Backed Notes, Series 2005-W1 Under the Pooling and Servicing Agreement Dated As Of April 1, 2005, pursuant to an Assignment…"

22.    This was the same entity that filed the lawsuit originally, purportedly as assignee of First NLC Financial Services, LLC.   Defendant DBNTC submitted an assignment, from Argent Mortgage Company, LLC to Defendant DBNTC as trustee, of all Argent's interest in the Mortgage Deed from the Whittikers to First NLC Financial Services, LLC.   Upon information and belief, there remains no record in the lawsuit  of any assignment from First NLC Financial Services, LLC to Argent Mortgage Company, LLC and Defendant failed to establish a complete chain of assignment from the originator to the person assigning the mortgage to DBNTC.

23.    Notwithstanding the patent defect in the chain of assignment  of the note and mortgage, foreclosure was granted to Defendant DBNTC, and the property was sold to the Defendant at sheriff's auction in January, 2008.

## THE KIMBALL FORECLOSURE

24.    On November 20, 2004, Plaintiff Valeria Kimball executed an adjustable rate promissory note to Ameriquest Mortgage Company.  The loan was secured by a mortgage to Ameriquest on property she owned located at 4679 East 173rd Street in Cleveland.

25.    On May 25, 2005, Defendant DBNTC, "as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates Series 2005-R1, under the Pooling and Servicing Agreement dated as of February 1, 2005," filed a complaint in this Court against Ms. Kimball alleging default on the note and seeking to foreclose on the property.

26.     The Complaint filed by DBNTC against Ms. Kimball alleged that DBNTC "is the owner and holder of the Note."  That was not a true statement. As of May 25, 2005, DBNTC had neither received nor recorded an assignment of the Note or Mortgage.

27.     The Complaint against Ms. Kimball also alleged that DBNTC "is entitled to judgment for the following amount: principal in the sum of $85,422.51, plus interest on the outstanding principal balance at the rate of 7.99% per annum from February 1, 2005, plus late charges, advances for taxes and insurance, and all other expenditures recoverable under the Note and Mortgage and/or Ohio law." This was not a true statement, because at the time the Complaint against Ms. Kimball was filed, Defendant had neither received nor recorded a proper assignment of the mortgage note and mortgage, nor did it have authority to engage in trust business in Ohio, including acting as trustee to file lawsuits to collect on the note and foreclose on the mortage.

28.     Ms. Kimball attempted to stay the foreclosure by filing for bankruptcy in January, 2006 – a proceeding which was shortly thereafter dismissed.  Subsequently, DBNTC obtained a default judgment against her.  The property was finally sold to the Defendant at a sheriff's sale in November, 2006, and DBNTC subsequently recorded that sheriff's deed, identifying Plaintiff as the grantor, on April 12, 2007.  Upon information and belief, Defendant DBNTC has failed to pay real estate taxes on the property since acquiring it.

29.     At the time DBNTC sued her, and eventually obtained title to her property through the foreclosure process, Plaintiff Kimball would have had no practical way of knowing or discovering the defects in DBNTC's proceedings against her.  As articulated in Judge Boyko's Decision, her primary concerns were justifiably otherwise, and she was not even represented by counsel. Moreover, from the perspective of the "least sophisticated consumer," a lawsuit by a national banking association on a debt acknowledged to be owed would be presumed to be valid insofar as the bank's standing and authority are concerned.

### COUNT ONE
### (Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e)

30.     Plaintiffs incorporate by reference all of the foregoing allegations in the Complaint.

31.     Federal law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt…" including the "false representation of …. the character, amount, or legal status of any debt…" and the "threat to take any action that cannot legally be taken…" 15 U.S.C. 1692e.

32.     In foreclosing on plaintiffs' homes, the defendants:

a.      made false, deceptive and misleading representations concerning DBNTC's standing to sue the plaintiffs and its interest in the debt;

b.      falsely represented the status of the debt, in particular, that it was due and owing to defendant DBNTC at the time the suit was filed;

       c.     falsely represented or implied that the debt was owing to defendant DBNTC as an innocent purchaser for value, when in fact, such an assignment had not been accomplished;

       d.     threatened to take action, namely engaging in collection activities and collection and foreclosure suits as trustee that cannot legally be taken by them; and

       e.     obtained access to Ohio state and federal courts to collect on notes and foreclose on mortgages under false pretenses, namely, that DBNTC was duly authorized to engage in such activities as trustee in Ohio when it fact was not.

33.    Upon information and belief, defendant DBNTC did not obtain and/or file an assignment of the notes or mortgages of the named plaintiffs or potential class-members until after the notes were in default, and until after it filed suit in its own name as the holder or owner of the notes and mortgages.

34.    These violations of the FDCPA entitle plaintiffs to recover the actual damages they have sustained as a result of the improper foreclosures, up to $1,000 per class-member, such other or alternative damages as are permitted by law, and costs and reasonable attorney fees.

**COUNT TWO**
**(Ohio RICO, R.C. § 2923.32)**

35.    Plaintiffs incorporate by reference all of the foregoing allegations in the Complaint.

36.     Ohio RICO states that "No person, through a pattern of corrupt activity … shall acquire or maintain, directly or indirectly, any interest in, or control of, any … real property."  R.C. § 2923.32(A)(2).

37.     "Corrupt activity" includes engaging in a violation of section 2921.03 of the Revised Code.

38.     Section 2921.03 of the Revised Code states that "No person, knowingly and … by filing, recording, or otherwise using a materially false or fraudulent writing … in a wanton or reckless manner, shall attempt to influence … a public servant … in the discharge of the person's duty."

39.     The defendants have violated Section 2921.03 by knowingly filing complaints alleging DBNTC's ownership of promissory notes and mortgages when in fact it did not own the notes or mortgages, and by knowingly filing complaints as trustee in reckless disregard of the fact that Defendant DBNTC was not authorized to engage in such activities as trustee in Ohio.  These filings were made in a wanton and reckless manner to attempt to influence state and federal judges and judicial officers in Ohio to enter judgments against Class members on promissory notes, including for principal, interest, late fees, penalties, costs and attorneys fees, and to foreclose on Class members' property.

40.     The defendants' conduct constitutes a pattern of corrupt activity, because they have maintained more than two lawsuits under the fraudulent and misleading circumstances described in the foregoing paragraphs.     On

- 12 -

information and belief, the defendants have filed several thousand foreclosure complaints in violation of R.C. § 2923.32.

41.     Through the filing of foreclosure actions under false pretenses and in violation of Ohio law.  Defendant DBNTC, with the active assistance and participation of the defendant law firms, has acquired an interest in real property, including obtaining title to Class members' homes.

42.     As a result of defendants' conduct, the plaintiffs and Class have been injured, including through the loss of title to their property, loss of the equity in their property, through penalties, court costs and attorney fees charged against their accounts on lawsuits filed under false and misleading circumstances, and from other incidental and consequential costs and expenses attendant to being dispossessed of their mortgaged property.

43.     Section 2923.34 of the Revised Code entitles plaintiffs who establish the elements of an Ohio RICO violation to an order divesting the defendant of its interest in their real property, to the actual damages each has sustained, which may be tripled if proved by clear and convincing evidence, and to costs and reasonable attorney fees.

**COUNT THREE**
**(Appointment of Receiver, R.C. § 2735.01)**

44.     Plaintiffs incorporate by reference all of the foregoing allegations in the Complaint.

45.     Under R.C. 2735.01(A), the Court may appoint a receiver in a case, such as this, involving parties "jointly … interested in any property or fund, on the application of the plaintiff."

46.     Defendant DBNTC and each plaintiff are "jointly interested" in the foreclosed properties, and in the funds created or to be created upon the liquidation of the defendant's interest.  Plaintiffs not only may have a right to cause defendant to divest its interest in their properties, but there are charges which defendants have collected and are attempting to collect against Class members' equity that were charged or incurred in violation of the laws described elsewhere in this Complaint.

47.     Plaintiffs request that a receiver be appointed, who shall recover from Defendant DBNTC the charges it collected from the Class, as well any interests in real property it acquired illegally, recover fees improperly earned by the law firms, and determine the proper allocation and ownership of these funds and property interests.

## CLASS ACTION ALLEGATIONS

48.     As alleged herein, the "Class Period" is from February 1, 2003 to the present.

49.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, as members of a proposed Plaintiff Class.  The Class that Plaintiffs seek to represent is defined as:

> **All persons against whom Defendant Deutsche Bank National Trust Company filed a suit for foreclosure in any state or federal court in Ohio, either on its own behalf or as trustee for any other persons or entities, during the Class Period.**

50.    Excluded from the Class are the Defendants in this action, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, the Judge assigned to this action and her or his family.

51.    This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

52.    **Existence of an Identifiable Class** – The proposed Class definition is sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member.  Court records, land record, and records in the hands of the Defendant can be referenced to determine or verify Class membership.

53.    **Numerosity of the Class** – Fed. R. Civ. P. 23(a)(1):  The members of the Class are so numerous that joinder herein is impracticable.  Class members number in the thousands.  The precise number of Class members and their addresses are unknown to Plaintiffs, but can be obtained from Defendants and from various court records.  Class members can be notified of the pendency of this action based on those records, or by any means used by the Defendants to notify them of the underlying foreclosure suits.

54.    **Existence and Predominance of Common Questions of Fact and Law** - Fed. R. Civ. P. 23(a)(2); 23(b)(3):  There are questions of law and fact common to the Class.  These questions predominate over any questions affecting only individual Class members.   These common legal and factual questions include:

- Whether filing a foreclosure suit without first obtaining and recording an assignment of the mortgage and note constitutes false, deceptive or misleading conduct in violation of 15 U.S.C. § 1692e;

- Whether filing a foreclosure suit, as trustee, without being duly qualified to engage in trust business in Ohio constitutes false, deceptive or misleading conduct in violation of 15 U.S.C. § 1692e;

- Whether the Defendants mislead courts into believing that DBNTC had standing and authority to sue, and if so, whether such conduct constitutes a violation of R.C. § 2921.03;

- Whether the defendants' practice of filing foreclosure suits and obtaining judgments without legal standing or authority to bring or maintain such suits in Ohio courts constitutes a pattern of corrupt activity in violation of R.C. § 2923.32;

- Whether Plaintiffs and Class members have been injured by Defendant's conduct;

- Whether all or some of the fees charged against the Class members are recoverable in this action;

- Whether Plaintiffs and Class members are entitled to compensatory damages, and the amount of such damages; and

- Whether Plaintiffs and Class members are entitled to statutory damages or triple damages, and the amount of such damages.

55.   **Typicality** - Fed. R. Civ. P. 23(a)(3):  Plaintiffs' claims are typical of the claims of the Class because Defendants initiated suit against them without having an assignment of the Note and Mortgage, and without authority to engage in such activities as trustee in this state, and obtained a judgment against them, ultimately taking title to their property.

56.   **Adequacy** - Fed. R. Civ. P. 23(a)(4): Plaintiffs are adequate representatives of the Class because their interests overlap and are not in conflict with the interests of the Class.  Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

57.   **Superiority** - The class may be certified pursuant to Fed. R. Civ. P. 23(b)(1) or 23(b)(2) because:

> Fed. R. Civ. P. 23(b)(1)(A) - the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

> Fed. R. Civ. P. 23(b)(1)(B) - the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

> Fed. R. Civ. P. 23(b)(2) - Defendants have acted on grounds generally applicable to the Class, thereby

making appropriate final relief with respect to the members of the Class as a whole.

WHEREFORE, Plaintiffs pray judgment in their favor, and for the following relief:

(i)     an order certifying the Class and any appropriate Subclasses and appointing Plaintiff and her counsel to represent the Class;

(ii)    under Count One, an order awarding Plaintiffs and the Class damages and other compensatory relief as the Court deems proper in the maximum amount allowed by law;

(iii)    under Count Two, an order awarding Plaintiffs and the Class damages and other compensatory relief as the Court deems proper and tripling such damages;

(iv)    under Count Two, an order that Defendant DBNTC must divest any interest in plaintiffs' and Class Members' real property that it acquired through foreclosure actions during the Class Period;

(v)     under Count Two, an order requiring that the defendant law firms disgorge any fees earned from foreclosure acions that were brought or maintained in violation of the laws described in this Complaint;

(vi)    under Count Three, an order appointing a receiver to recover from Defendant DBNTC the charges it collected from plaintiffs, as well as any interests in real property it acquired illegally, who shall determine the proper allocation and ownership of these funds and property interests;

(vii)    on all Counts, an order awarding Plaintiffs and the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' fees and expert-witness fees and other costs and disbursements of this litigation; and

(viii)    an order awarding such other and further relief as this Court deems just and proper.


COHEN ROSENTHAL & KRAMER LLP          NOVAK ROBENALT & PAVLIK L.L.P.


/s/ James B. Rosenthal                          /s/ William J. Novak

James B. Rosenthal (0062872)                    William J. Novak (0014029)
jbr@crklaw.com                                  wnovak@nrplaw.com
Joshua R. Cohen (0032368)                       Thomas D. Robenalt (0055960)
jcohen@crklaw.com                               trobenalt@nrplaw.com
Jason R. Bristol (0072989)                      Skylight Office Tower – Suite 950
jbristol@crklaw.com                             1660 West Second Street
The Hoyt Block Building – Suite 400             Cleveland, Ohio 44113-1498
700 West St. Clair Avenue  Cleveland,           216.781.8700 [Telephone]
Ohio 44113                                      216.781.9227 [Facsimile]
216.781.7956 [Telephone]
216.781.8061 [Facsimile]


                                                Kenard McDuffie (0031342)
                                                55 Erieview Plaza – Suite 220
                                                Cleveland, Ohio 44114
                                                (216) 721-8903
                                                (216) 721-8906
                                                kenmcd_1@ameritech.net

                                                Counsel for Plaintiffs

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all eligible claims and issues in this action.


/s/ James B. Rosenthal
James B. Rosenthal