IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY A. WHITTIKER, et al., | ) | CASE NO. 1:08CV00300-DDD |
| | ) | |
| Plaintiffs, | ) | JUDGE DOWD |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF RULE** |
| DEUTSCHE BANK NATIONAL | ) | **12(b)(6) AND 12(b)(1) MOTION TO** |
| TRUST COMPANY, et al., | ) | **DISMISS DEFENDANT, REISENFELD &** |
| | ) | **ASSOCIATES FOR FAILURE TO STATE** |
| Defendants. | ) | **A CLAIM AND/OR TO DISMISS FOR** |
| | ) | **LACK OF SUBJECT MATTER** |
| | ) | **JURISDICTION** |
| | ) | |

### I.     Plaintiffs' Complaint Fails To Allege A Case Or Controversy Between Themselves And Defendant Reisenfeld

The plaintiffs, Jerry Whittiker and Frances Whittiker and Valeria Kimball (the "Plaintiffs"), have filed suit against four defendants: Deutsche Bank National Trust Company ("Deutsche Bank"), Manley Deas Kochalski LLC, Reisenfeld & Associates ("Reisenfeld") and Weltman, Weinberg & Reis Co.. L.P.A.  The Plaintiffs contend that Deutsche Bank perpetrated deceptive and unauthorized conduct (Complaint ¶¶ 2, 3, 4 and 5) and that the defendant law firms served as vehicles through which Deutsche Bank allegedly committed such conduct. (Complaint ¶ 5)

In their Complaint, the Plaintiffs allege that a substantial portion of Reisenfeld's practice consists of debt collection and foreclosures.  (Complaint ¶ 15).  The Plaintiffs further allege that

Reisenfeld regularly represented defendant Deutsche Bank in suits against *potential* class-members to collect on notes and to foreclose on mortgages. (Complaint ¶ 17). (emphasis added). Notably, Plaintiffs do *not* allege that Reisenfeld represented Deutsche Bank in either of the two foreclosure actions Duetsche Bank filed against the named Plaintiffs. (Complaint ¶¶ 18-29).

It is a fundamental principle of law that a cause of action must allege injury to the plaintiff by the defendant. *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684, 690 (D.C.Pa., 1973). This principle is found in Article III, Section 2, Clause 1 of the Constitution which restricts judicial power to "cases" and "controversies." *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 149-54 (1951) (Frankfurter, J. concurring); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239 (1937); *Muskrat v. United States*, 219 U.S. 346, 356-63 (1911). It is the fact, clearly established, of injury to the complainant-not to others-which justifies judicial intervention. *McCabe v. Atchison, T. and S. F. R. Co.*, 235 U.S. 151, 162 (1914).

Plaintiffs' complaint does not allege that either of the named Plaintiffs was injured by Reisenfeld or that Reisenfeld was involved in any manner in *their* cases. The Plaintiffs cannot cure this defect by claiming to sue representatively on behalf of those who may have been injured. See, *Chasin v. Mencher*, 255 F.Supp. 545 (S.D.N.Y.1965) (holding that in an action against directors by stockholder individually and as a representative of all of the stockholders of corporation, stockholder could not cure the standing defect of not being a defrauded seller or buyer by claiming that she was suing representatively). Further,

> It must be noted that the question of standing is totally separate and distinct from the question of plaintiff's right to represent a purported class under Rule 23. While standing to sue is an essential prerequisite to maintaining an action, whether in one's

2

> own right or as a representative of a class, the issues are not convertible. Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made. Without standing, one cannot represent a class * * *

*Weiner,* 358 F.Supp. at 694.

The Plaintiffs "may not use the procedural device of a class action to boot strap [themselves] into standing [they] lack under the express terms of the substantive law." *Id*. at 695. Furthermore, "[i]n a multi-defendant action or class action, the *named plaintiffs* must establish that they have been harmed by *each of the defendants*." *Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 996 (D.Md.,2002) (emphasis added). *See also Herlihy v. Ply-Gem Indus., Inc.,* 752 F.Supp. 1282, 1291 (1990) (dismissing class action lawsuit because "each plaintiff has not and cannot allege an injury arising from the conduct of each and every defendant"). Indeed, "it is essential that named class representatives demonstrate standing through a 'requisite case or controversy between themselves personally and [defendants],' not merely allege that 'injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Cent. Wesleyan Coll. v. W.R. Grace & Co.,* 6 F.3d 177, 188 (1993) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1001 n. 13 (1982) (citations omitted) (alteration in original).

The facts in *Jackson v. Resolution GGF Oy,* 136 F.3d 1130 (1998) closely parallel the facts in the instant case. In *Jackson,* Plaintiff borrowers brought a putative class action to recover statutory penalties against alleged assignees and purchasers of notes they had executed with a lender. *Id.* at 1131. One of the defendants actually held none of the notes signed by any of the plaintiffs, although it had bought some of the lender's paper. *Id.* at 1132. This defendant moved for dismissal on the ground that none of the plaintiffs had standing to pursue a claim

against it.  *Id.*  The court opined: "[The defendant's] position is impeccable. Some other borrowers may have claims against it, but none of these plaintiffs does.... There is no case or controversy between [the defendant] and any of the named plaintiffs, so [the defendant] must be dismissed as a party." *Id.*

Likewise, neither the Whittikers nor Ms. Kimball have alleged an actual case or controversy between themselves and Reisenfeld.  The Complaint does not allege that Reisenfeld represented Deutsche Bank in any foreclosure action against the individual Plaintiffs.  The Plaintiffs' class allegations do not and cannot substitute for sufficient pleadings of an actual case or controversy between the named Plaintiffs and this moving Defendant.

For the foregoing reasons, Reisenfeld & Associates, should be dismissed as a party Defendant in accord with Rule 12(b)(6).

## II.     Plaintiffs' Complaint Fails to Allege Adequate Facts to Establish A Violation of The Fair Debt Collection Practices Act and the Jurisdiction of this Court Under 28 USC §1331 (Paragraphs 7 and 8 of Plaintiffs' Complaint)

Plaintiffs' Complaint fails to allege that the named Plaintiffs incurred "consumer debt" within the meaning of the Fair Debt Collection Practices Act (hereinafter "FDCPA").  This failure is fatal to the jurisdiction of this Court over Plaintiffs' FDCPA claim and the pendent state law claims asserted by the named Plaintiffs.

> The FDCPA protects consumers from abusive, deceptive and other unfair debt collection practices; it applies to consumer debts, not business loans.  (Citations omitted.)  Whether a debt constitutes "consumer debt" of the sort covered by the FDCPA, depends on the character of the lending transaction with particular attention to the purpose for which the credit was extended.  FDCPA §1692a(5).  The statute in pertinent part provides: the term "debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."

4

*Flint National Bank v. Baker* 263 F. Supp.2d 150, 153, 154 (D. Mass. 2003). *See also*, *Garza v. Bancorp Group, Inc.* 955 F. Supp. 68 (S.D. Tex., 1996).

Plaintiffs' Complaint wholly fails to allege whether the named Plaintiffs actually lived in the homes which were the subject of the foreclosure actions described in Paragraphs 18-29 of their Complaint or whether the named Plaintiffs leased these properties to third parties. Likewise, Plaintiffs' Complaint does not allege that the debt, incident to the properties which were foreclosed upon, was business related or "primarily for personal, family or household purposes". Because their Complaint fails to adequately allege a violation of the FDCPA, it should be dismissed for failure to state a claim and/or this Court should dismiss Plaintiffs' action pursuant to 12(b)(1) because it thus lacks subject matter jurisdiction over Plaintiffs' alleged violations of the FDCPA and the pendent state law claims.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/Orville L. Reed*
Orville L. Reed, III   (#0023522)
William D. Dowling   (#0023530)
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
(330) 376-5300

Attorney for Defendant
Reisenfeld & Associates

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Orville L. Reed, III*

«AK3:935181_v1»