DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Jerry A. Whittiker, et al., | ) | |
| | ) | CASE NO. 1:08 CV 300 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | (Resolving ECF 54, 70, 72, 74, 75, 76, and |
| Deutsche Bank National Trust Company, et | ) | 92-2) |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

### A.    <u>Defendants' Dispositive Motions</u>

Plaintiffs allege in this putative class action that defendants violated the federal Fair Debt

Collection Practices Act and the Ohio Corrupt Activities statute because of misrepresentations

made by defendants during foreclosure proceedings against plaintiffs.  Before the Court are

motions by all defendants[1] for judgment on the pleadings and or to dismiss all three counts of

plaintiffs' first amended complaint (Complaint) for failure to state a claim.[2]  The collective bases

---

[1] Motion for Judgment on the Pleadings by defendant Manley, Deas, Kochalski, LLC (MDK) (ECF 70); Motion for Judgment on the Pleadings by defendant Reisenfeld & Associates (Reisenfeld) (ECF 72); Motion for Judgment on the Pleadings by defendant Weltman, Weinberg & Reis (WWR) (ECF 74); and Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)) by DBNTC (ECF 75).  DBNTC also filed a motion for the Court to take judicial notice of certain documents submitted in support of its Motion to Dismiss (ECF 76), and additionally requested that the Court take judicial notice of certain documents submitted in connection with its reply in support of its motion to dismiss plaintiffs' first amended complaint (ECF 92-2).

[2] *See* ECF 57.  Count 1 of the Complaint alleges that defendants: a) made false, deceptive and misleading representations regarding defendant Deutsche Bank National Trust Company's (DBNTC) standing to sue and interest in the debt; b) falsely represented that the debt was due and owing to DBNTC at the time the suit was filed; c) falsely represented that the debt was due and owing to DBNTC as an innocent purchaser when assignment of the debt had not taken place; d) threatened to engage in collection actions and foreclosure suits as trustee that could not

(continued...)

(1:08 CV 300)

of defendants' motions are: 1) lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; 2) abstention pursuant to the *Younger* doctrine; 3) *res judicata* (claim and issue preclusion); 4) FDCPA statute of limitations; and 5) no FDCPA violation.

Plaintiffs were granted leave to conduct limited discovery before responding to defendants' dispositive motions (ECF 82), after which plaintiffs filed an omnibus response to defendants' motions (ECF 85).  Defendants each replied to plaintiffs' omnibus response,[3] to which plaintiffs filed an omnibus sur-reply (ECF 95).  DBNTC filed a reply to plaintiffs' sur-reply (ECF 97).

**B.**     **Report and Recommendation**

The Court referred all of defendants' dispositive motions to United States Magistrate Judge Benita Pearson for a Report and Recommendation (ECF 93).  Magistrate Judge Pearson heard oral argument on December 2, 2008, and subsequently issued a Report and Recommendation (Recommendation) regarding the disposition of those motions, as well as DBNTC's requests to take judicial notice of certain documents filed in support of its motion to

---

[2](...continued)

be legally taken by DBNTC; and e) accessed state and federal courts to collect on notes and foreclose on mortgages under false pretenses when DBNTC was not authorized to engage in such activities as a trustee in Ohio, all in violation of the  Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, by filing foreclosure actions against plaintiffs when DBNTC did not obtain or assign the notes of the mortgages until after the notes were in default and until after DBNTC sued in its own name as the holder or owner of the notes and mortgages.  *See* ECF 57, par. 36-37.

Count 2 of the Complaint alleges that the defendants violated Ohio's RICO laws, Ohio Rev. Code § 2923.32, by filing foreclosure actions alleging ownership of the notes and mortgages when it did not own such notes and mortgages.  *See* ECF 57, par. 40-45.

Count 3 of the Complaint requests appointment of a receiver pursuant to Ohio Rev. Code § 2735.01 to recover from DBNTC the any interest in the real property acquired in the foreclosure actions and any charges collected, as well as fees earned by the defendant law firms.  *See* ECF 57, par. 49-51.

[3] MDK's reply (ECF 89); WWR's reply (ECF 90); Reisenfeld's reply (ECF 91); and DBNTC's reply (ECF 92).

2

(1:08 CV 300)

dismiss (ECF 99).  Magistrate Judge Pearson has recommended: 1) granting defendants' Rule 12

motions as to Count 1 of plaintiffs' Complaint alleging violation of the FDPCA; 2) dismissing

without prejudice Counts 2 and 3 of plaintiffs' Complaint, which involve state law claims; and

3) granting DBNTC's request to take judicial notice of certain documents.

**C.**     **Plaintiffs' Objections to Report and Recommendation and Defendants' Responses**

Plaintiffs requested and received an extension of time to file their objections to the

Recommendation (ECF 100).  Plaintiffs objected to the Recommendation (ECF 101) insofar as

it recommends: 1) granting defendants' motions as to plaintiffs' federal claims under the FDCPA

(Count 1); 2) dismissing without prejudice plaintiffs' state law claims (Counts 2 and 3); and

3) granting DBNTC's requests for judicial notice.

Defendants requested an extension of time to respond to plaintiffs' objections (ECF 102).

The Court allowed defendants more time, but not as much as they requested (ECF 103).  Three

of the four defendants filed responses to plaintiffs' objections: WWR (ECF 104), Reisenfeld

(ECF 106), and DBNTC (ECF 107).

MDK did not respond to plaintiffs' objections, but Kimball filed a stipulated dismissal

dismissing Count 1 of the Complaint (FDCPA violation) against MDK with prejudice, and

dismissing the remaining state claims - Counts 2 and 3 - against MDK without prejudice.  *See*

ECF 105.  Kimball's stipulated dismissal as to MDK specifically states that her claims against

DBNTC remain.  *Id.*  The Court accordingly ordered the dismissal of Kimball's FDCPA claims

(Count 1) against MDK with prejudice, and the dismissal of Kimball's state claims (Counts 2

(1:08 CV 300)

and 3) against MDK without prejudice.  *See* ECF 108.  Consequently, defendant MDK's motion for judgment on the pleadings, ECF 70, is DENIED without prejudice as moot.

**D.**     ***De novo* Review**

The Court conducted a *de novo* review of the Recommendation pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure.  As a result of that *de novo* review and for the reasons discussed below, the Court concludes as follows: 1) DBNTC's requests that the Court take judicial notice of certain documents filed in support of its motion to dismiss (ECF 76 and 92-2) are GRANTED; and 2) defendants' Rule 12 motions as to Count 1 of the Complaint alleging violations of the FDCPA (ECF 70, 72, 74 and 75), are GRANTED.

After dismissing plaintiffs' federal claims, Count 1, the Court declines to exercise jurisdiction over plaintiffs' state claims (Counts 2 and 3).  Accordingly, defendants' motions as to plaintiffs' state law claims, Counts 2 and 3 (ECF 70, 72, 74 and 75), are DENIED without prejudice as moot.

Lastly, plaintiffs have moved for class certification (ECF 54).  In light of the Court's ruling on defendants' dispositive motions, plaintiffs' motion for class certification is DENIED without prejudice as moot.

## II. FACTS

**A.**     **Whittiker Foreclosure**

On December 16, 2004, plaintiffs Jerry and Whittiker and Frances Whittiker (collectively, Whittiker) executed a promissory note to First NLC Financial Services, LLC, (First

4

(1:08 CV 300)

NLC) primarily for personal, family or household purposes.  The note was secured by a mortgage to First NLC on property located in Maple Heights, Ohio.

On December 1, 2006, defendant DBNTC, claiming that it was the owner and holder of the note executed by Whittiker, sued Whittiker in the Cuyahoga County Court of Common Pleas to forelcose on the Maple Heights property (Whittiker Foreclosure Action).   Defendant WWR, a law firm, filed and prosecuted the foreclosure action against Whittiker on behalf of DBNTC. The Whittiker Foreclosure Action concluded with a judgment in favor of DBNTC and the property was sold to DBNTC at a sheriff's auction in January, 2008.  Whittiker alleges in the Complaint that DBNTC was not the owner and holder of the promissory note when the Whittiker Foreclosure Action was filed.

**B.**     **Kimball Foreclosure**

On November 20, 2004, plaintiff Valeria Kimball (Kimball) executed a promissory note to Ameriquest Mortgage Company (Ameriquest).  The note was secured by a mortgage to Ameriquest on property located on East 173rd Street in Cleveland, Ohio.  On May 25, 2005, defendant DBNTC, claiming that it was the owner and holder of the of the note executed by Kimball, sued Kimball in the Cuyahoga County Court of Common Pleas to forelcose on the East 173rd Street property (Kimball Foreclosure Action).   Defendant MDK, a law firm, filed and prosecuted the foreclosure action against Kimball on behalf of DBNTC.  The Kimball Foreclosure Action concluded with a judgment in favor of DBNTC and the property was sold to DBNTC at a sheriff's auction in November, 2006.  Kimball alleges in the Complaint that

5

(1:08 CV 300)

DBNTC was not the owner and holder of the promissory note when the Kimball Foreclosure

Action was filed.

**C.**      **Stepanek Foreclosure**

On December 2, 2005, plaintiff James Stepanek (Stepanek) executed a promissory note

to Argent Mortgage Company, LLC (Argent) primarily for personal, family or household

purposes.  The note was secured by a mortgage to Argent on property located on West 106th

Street in Cleveland, Ohio.  On March 25, 2008, defendant DBNTC, claiming that it was the

owner and holder of the of the note and mortgage executed by Stepanek, sued Stepanek  in the

Cuyahoga County Court of Common Pleas to forelcose on the West 106th Street property

(Stepanek Foreclosure Action).   Defendant Reisenfeld, a law firm, filed and prosecuted the

foreclosure action against Stepanek on behalf of DBNTC.

At the time the Complaint was filed, the Stepanek Foreclosure Action was pending.

Stepanek alleges in the Complaint that DBNTC actually was not the owner and holder of the

note and mortgage when the Stepanek Foreclosure Action was filed.  However, the Court notes

that the Stepanek mortgage was assigned prior to the Stepanek Foreclosure Action and recorded

the same day that action was filed.  *See* ECF 73-3.

### III.  LAW AND ANALYSIS

**A.**      ***Rooker-Feldman* Doctrine**
          **The Court has Subject Matter Jurisdiction to Rule on this Case**

As a threshold matter, defendants contend that the Court lacks subject matter jurisdiction

over the Whittaker and Kimball claims under the *Rooker-Feldman* doctrine.  *Rooker-Feldman*

must be considered first because its application strips the Court of jurisdiction to consider

6

(1:08 CV 300)

affirmative defenses and the other bases of defendants' motions.  *See Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d. 747, 755 (6th Cir. 2003) (rehearing and suggestion for rehearing *en banc* denied).

The *Rooker-Feldman* doctrine stands for the "unremarkable proposition that a federal district court lacks subject matter jurisdiction to review a state court decision."  *Pittman v. Cuyahoga County Department of Children and Family Services,* 241 Fed. Appx. 285, 287 (6th Cir. 2007) (citing *McCormick v. Braverman,* 451 F.3d 382, 389 (6th Cir. 2006)); *See D.C. Ct of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923).

A recent United States Supreme Court decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*[4] clarified that the application of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Givens v. Homecomings Financial,* 278 Fed. Appx. 607, 609 (6th Cir. 2008) (quoting *Exxon Mobil Corp.,* 544 U.S. at 284).  In the wake of *Exxon Mobil Corp*., the Sixth Circuit has "tightened the scope of *Rooker-Feldman*."  *Pittman,* 241 Fed. Appx. at 287 (citing *Coles v. Granville,* 448 F.3d 853, 857 (6th Cir. 2006)).  *Rooker-Feldman* only deprives a district court of jurisdiction only "when the cause of the plaintiff's complaint is the state judgment itself."  *Givens v. Homecomings Financial,* 278 Fed. Appx. at 609 (citing *McCormick,* 451 F.3d at 393).

---

[4] 544 U.S. 280 (2005).

7

(1:08 CV 300)

The *Rooker-Feldman* doctrine does not prevent a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court, as long as the federal plaintiff presents an independent claim even if that claim denies a legal conclusion reached by the state court.[5] *Pittman,* 241 Fed. Appx. at 287 (citing *Exxon Mobil Corp.,* 544 U.S. at 284).

In *McCormick*, the Sixth Circuit provided guidance in differentiating between a claim that attacks a state court judgment and is therefore within the scope of *Rooker-Feldman*, and an independent claim over which the district court has subject matter jurisdiction.

> The inquiry then is the source of the injury plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim. . . . .The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim.

*McCormick,* 451 F.3d at 393-94.

A claim that the state court judgment was procured by the alleged wrongdoing of the defendant is an independent claim over which the district court may assert jurisdiction, even if those independent claims deny a legal conclusion of the state court. *McCormick,* 451 F.3d at 392-93 (*Rooker-Feldman* doctrine does not deprive district court of jurisdiction over federal plaintiff's claims against receiver and homeowners' insurer alleging fraud in obtaining order of

---

[5] Efforts to litigate in federal courts matters previously litigated in state court may be barred on other grounds, however, such as claim and issue preclusion even if *Rooker-Feldman* does not divest the district court of subject matter jurisdiction over those claims.

(1:08 CV 300)

receivership from state court).  In *Todd v. Weltman, Weinberg & Reis Co.,*[6] the Sixth Circuit found that the *Rooker-Feldman* doctrine did not deprive the district court of subject matter jurisdiction over plaintiff's federal claim that defendant filed a false affidavit in a state court garnishment proceeding.  *Todd*, 434 F.3d at 437.  In *Brown v. First Nationwide Mortgage Corporation,*[7] the Sixth Circuit held that a federal plaintiff's allegations of fraud in connection with a state court proceeding does not constitute a complaint regarding the foreclosure decree itself, but concerns defendant's actions that preceded the decree, and therefore plaintiff's claim that the foreclosure decree was procured by fraud is not barred by *Rooker-Feldman*.  *Brown,* 206 Fed. Appx. at 440.

In this case, the source of the injury claimed by plaintiffs is the allegedly false information provided by defendants in the underlying foreclosure proceedings to obtain judgments, not the foreclosure judgments themselves.  Because plaintiffs' alleged injuries are caused by the alleged wrongful acts of defendants in the foreclosure proceedings and not the foreclosure judgment, the Court concludes that Whittiker and Kimball assert independent claims that are not barred by *Rooker-Feldman* and over which the Court may assert subject matter jurisdiction.

---

[6] 434 F.3d 432, 437 (6th Cir. 2006).

[7] 206 Fed. Appx. 436, 440 (6th Cir. 2006).

9

(1:08 CV 300)

**B.**  *Younger* **Abstention Doctrine**
       __The Court is Not Required to Abstain from Ruling on this Case__

DBNTC argues in its motion to dismiss that the Court should abstain from hearing

plaintiff Stepanek's claims pursuant to the *Younger* doctrine because Stepanek's foreclosure

proceeding remains pending in the Cuyahoga County Court of Common Pleas.  In *Younger v.*

*Harris*, the United States Supreme Court held that federal-court abstention is appropriate where a

plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief in state court

criminal proceedings.  *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citing *Younger v.*

*Harris*, 401 U.S. 37, 53-54 (1971)); *Borkowski v. Fremont Investment and Loan,* 368 F. Supp. 2d

822, 828 (N.D. Ohio 2005) (abstention mandated when federal court intervention unduly

interferes with the legitimate activities of the state).  The doctrine was later expanded by the

Supreme Court to noncriminal judicial proceedings when important state interests are involved.

*Id.* (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432

(1982)).

Three requirements must be met for *Younger* abstention to be appropriate: 1) there must

be an ongoing state judicial proceeding; 2) the proceedings must implicate an important state

interest; and 3) there must be an adequate opportunity in the state proceeding to raise

constitutional challenges.  *Leatherworks Partnership, et al., v. Boccia, et al.,* 246 Fed. Appx.

311, 317 (6th Cir. 2007) (citing *Middlesex County Ethics Comm'n,* 457 U.S. at 432); *see also*

*Doscher v. Menifee Circuit Court,* 75 Fed. Appx. 996, 997 (6th Cir. 2003); *Borkowski,* 368 F.

Supp. 2d at 828.  However, only exceptional circumstances justify a federal court's refusal to

10

(1:08 CV 300)

decide a case in deference to a state court.  *Executive Arts Studio v. City of Grand Rapids,* 391

F.3d 783, 791 (6th Cir. 2005); *Leatherworks Partnership,* 246 Fed. Appx. at 317.

In this case, Stepanek claims that defendants made false statements in the underlying

foreclosure action that violates the FDCPA.  However, he does not ask this Court to enjoin or

otherwise interfere with the Stepanek Foreclosure Action.  Were the Court to conclude that

defendants' allegedly false statements violated the FDCPA, it would be for the state court to

decide what effect, if any, that violation had on the Stepanek Foreclosure Action.  Further,

Stepanek's claim does not assert a constitutional violation in connection with the underlying

foreclosure action.  *See Leatherworks Partnership,* 246 Fed. Appx. at 318 ("After dismissal of

the § 1983 equal protection claim, it is difficult to identify any constitutional issue that would

warrant *Younger* abstention analysis.").

The circumstances of this case do not justify the Court's refusal to decide this case in

deference to the underlying foreclosure action.  Accordingly, the Court declines to abstain from

this case pursuant to the *Younger* doctrine.

**C.**     ***Res judicata,* collateral estoppel and waiver**

Defendants argue variously that plaintiffs' claims in this case are precluded from

consideration by the Court because of *res judicata,* collateral estoppel or by waiver.  The essence

of defendants' *res judicata*, collateral estoppel and waiver arguments is that plaintiffs failed to

challenge DBNTC's standing to sue in the underlying foreclosure actions and are now precluded

from doing so.

11

(1:08 CV 300)

### 1.    Claim preclusion and issue preclusion

Federal courts must give a state court judgment the same preclusive effect that judgment would be given under the law of the state in which the judgment was rendered.  *Trafalger Corp., et al., v. Miami County Board of Commissioners, et al.,* 519 F.3d 285, 287 (6th Cir. 2008) (citing *Hamilton's Bogarts, Inc. v. State of Michigan,* 501 F.3d 644, 650 (6th Cir. 2007)).  Ohio state courts recognize both claim preclusion and issue preclusion.  *Trafalger Corp.*, 519 F.3d at 287 (citing *Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd.,* 81 Ohio St. 392, 395 (1998)).  The legal doctrine of *res judicata* includes the two related concepts of claim preclusion and issue preclusion.  *Fort Frye Teachers Ass'n.*, 81 Ohio St. at 395 (citing *Grava v. Parkman Twp.,* 73 Ohio St. 3d 379, 381 (1995)).

Res judicata is an affirmative defense and not jurisdictional.  *EMC Mortgage Corp. v. Jenkins,* 164 Ohio App.3d 240, 841 N.E.2d 855, 860 (Ohio App. 10 Dist. 2005); *see  also Hutcherson,* 326 F3d. at 755.  While defendants' argument that plaintiffs' action is foreclosed by the principles of *res judicata* may be correct, because *res judicata* is an affirmative defense and not jurisdictional, it is not necessary for the Court to reach that issue in this case.

### 2.    Waiver

Like *res judicata*, waiver is an affirmative defense.  *See* Ohio Civ. R. Rule 8(c); Federal Rule of Civil Procedure 8(c).  While defendants' argument that plaintiffs' action is foreclosed by waiver may be correct, because waiver is an affirmative defense and not jurisdictional, it is not necessary for the Court to reach that issue in this case.

(1:08 CV 300)

**D.**     **Rule 12(b)(6) and 12(c) Standard of Review**[8]

Defendant DBNTC has moved to dismiss all plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted. Defendants WWR and Reisenfeld have moved for dismissal of plaintiff Whittiker's and Stepanek's claims, respectively, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, motion for judgment on the pleadings.

With respect to defendants' motion for judgment on the pleadings, all well-pleaded material allegations of the Complaint must be taken as true and the motion will be granted only if the defendants are nevertheless clearly entitled to judgment as a matter of law.  *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008) (citing *J.P. Morgan Chase, Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)); *Local 219 Plumbing and Pipefitting Industry Pension Fund, et al., v. Buck Consultants, et al.,* 2009 WL 396168 (6th Cir. Ohio).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must construe the Complaint in the light most favorable to the plaintiffs and accept plaintiffs' well-pleaded allegations as true.  *Horattas v. Citigroup Finanacial Markets, Inc.,* 532 F. Supp. 2d 891, 895-96 (citing *Nat'l Surety Corp. v. Hartford Cas. Ins. Co.,* 493 F.3d 752, 754 (6th Cir. 2007); *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 501-02 (6th Cir. 2007)).

---

[8] Plaintiffs do not object to the standard of review applied to defendants' motion in the Recommendation. However, plaintiffs have objected to the Recommendation that defendants' motions for judgment on the pleadings and motions to be dismiss be granted, and therefore, Court reviews that analysis *de novo.*

(1:08 CV 300)

In a recent anti-trust conspiracy case, *Bell Atlantic Corp., et al. v. Twombly, et al.,* 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court revised its prior statement that Rule 12(b)(6) dismissal is only proper if it appears beyond doubt that plaintiff can prove "no set of facts" in support of his claim that would entitle him to relief, and dismissed the plaintiff's complaint "because it did not contain facts sufficient to 'state a claim for relief that is plausible on its face.'" *Weisbarth v. Geauga Park District,* 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974)).  The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Association of Cleveland Firefighters, et al. v. City of Cleveland, Ohio, et al.,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965-65).[9]

**E.     Consideration of Matters Outside the Pleadings -
        DBNTC's Requests for Judicial Notice are Granted**

Rule 12(d) of the Federal Rules of Civil Procedure provides that if on a motion pursuant to Rule 12(b)(6) or Rule 12(c) matters outside the pleadings are considered, the motion must be treated as one for summary judgment under Rule 56.  In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings.  Documents attached to a motion to dismiss are considered

---

[9] As recognized by the Sixth Circuit, the scope of the applicability of *Twombly* in 12(b)(6) analysis outside of anti-trust cases is uncertain.  *Weisbarth v. Geauga Park District,* 499 F.3d at 541.  However in this case, that issue need not be resolved because plaintiffs' claims fail under either standard.   About two weeks after *Twombly* was decided, the Supreme Court affirmed that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement that the pleader is entitled to relief and that specific facts are not necessary and that when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations in the complaint.  *Tucker,* 539 F.3d at 550 (quoting *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citing *Twombly*, 127 S.Ct. at 1965)).  The Sixth Circuit reads the *Twombly* and *Erickson* decisions in conjunction with each other with respect to motions for judgment on the pleadings or motions to dismiss for failure to state a claim.  *Tucker,* 539 F.3d at 550 (quoting *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008)).

(1:08 CV 300)

part of the pleadings if they are referred to in plaintiff's complaint and are central to the claims, and therefore may be considered without converting a Rule 12(b)(6) motion to dismiss to a Rule 56 motion.  *Weiner v. Klais and Company,* 108 F.3d 86, 89 (6th Cir. 1997).  The same analysis applies to information that may be considered without converting a Rule 12(c) motion for judgment on the pleadings to one for summary judgment.  *See Savage v. Hatcher,* 109 Fed. Appx. 759, 760 (6th Cir. Ohio) (citing *Weiner* regarding limiting a federal court's review to the "pleadings" when considering motion for judgment on the pleadings); *Kerper-Snyder v. Multi-County Juvenile Attention,* 2009 WL 88048 (N.D. Ohio) (citing *Weiner* regarding limiting federal court's review to "pleadings" when considering motion or judgment on the pleadings); *see also Horsley v. Feldt*, 304 F.3d 1125, 1133-35 (11th Cir. 2002); *Lindsay v. Yates,* 498 F.3d 434, 437 n. 5 (6th Cir. 2007) (legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion).

In addition to consideration of the pleadings, federal courts may also consider materials that are public records or otherwise appropriate for taking judicial notice without converting a Rule 12(b)(6) motion to a Rule 56 motion.  *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003).   The same is true with respect to Rule 12(c) motions for judgment on the pleadings.  *Barany-Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (public records may be taken into account when considering Rule 12(c) motion for judgment on the pleadings);  *Lindsay,* at 437 n. 5 (legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion).

15

(1:08 CV 300)

The documents attached to defendants' motions, and the subject of DBNTC's requests for judicial notice, are both public records and central to plaintiffs' claims that defendants violated the FDCPA because DBNTC was not the holder of plaintiffs' mortgages when the underlying foreclosure actions were filed. The documents are public records regarding the state foreclosure actions, and documents showing DBNTC to be the trustee of the issuer or the depositor of the mortgage loans before the filing of the state foreclosure actions.

DBNTC's requests that the Court take judicial notice (ECF 76 and 92-2) of certain documents in support of its Rule 12(b)(6) motion to dismiss were not opposed by plaintiffs nor did plaintiffs object during oral argument held by the Magistrate Judge. *See* ECF 99, fn. 9. Plaintiffs objected to the Recommendation that DBNTC's requests for judicial notice of certain documents be granted, but beyond merely asserting their objection, offered no argument in support.

The Court conducted a *de novo* review regarding DBNTC's requests for judicial notice, and concurs with the Recommendation that DBNTC's requests that the Court take judicial notice of certain documents be granted. Accordingly, DBNTC's requests for judicial notice (ECF 76 and 92-2) are GRANTED.

**F.      Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

Section 1692e of the FDCPA generally prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of a debt.

16

(1:08 CV 300)

Plaintiffs allege that defendants violated 15 U.S.C. §§ 1692e(2), (5) and (10)[10] in the underlying

foreclosure actions by, in essence, misrepresenting DBNTC's ownership of plaintiffs' notes at

the time the underlying foreclosure actions were filed, thus concealing the fact that it lacked

capacity to bring the foreclosure actions.[11]

The sections of 15 U.S.C. § 1692e at issue provide in relevant part:

§ 1692e - False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means
in connection with the collection of any debt.  Without limiting the general application of
the foregoing, the following conduct is a violation of this section:
(2)     The false representation of -
        (A) the character, amount, or legal status of any debt; or . . .
(5)     The threat to take any action that cannot legally be taken or that is not intended to
        be taken . . .
(10)    The use of any false representations or deceptive means to collect or attempt to
        collect any debt or to obtain information concerning a consumer.

Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is

based on the objective test of whether the "least sophisticated consumer" would be misled by

defendant's actions.  *Barany-Snyder v. Weiner,* 539 F.3d 327, *3*32-33 (6th Cir. 2008) (citing

*Harvey v. Great Seneca Fin. Corp.,* 453 324, 329 (6th Cir. 2006)); *see also Deere v. Javitch,*

*Block and Rathbone, LLP,* 413 F. Supp. 2d. 886, 889 (S. D. Ohio 2006) (citing *Smith v.*

*Transworld Systems,* 953 F.2d 1025, 1029 (6th Cir. 1992)) .  Whether a statement is deceptive to

---

[10] Plaintiffs allege in Count 1 that defendants violated § 1692e by falsely representing or implying that the debt was owing to DBNTC as an innocent purchaser for value when such an assignment had not been accomplished, but does not allege a violation of § 1692e(12).

[11] *See* Complaint, par. 36 (ECF 57).

17

(1:08 CV 300)

the least sophisticated consumer is a question of law.  *See Federal Home Loan Mort. Corp. v. Lamar*, 503 F.3d 504, 508 at fn. 2 (6th Cir. 2007).

In order to establish a claim under § 1692e: 1)  plaintiffs must be a "consumer" as defined by 15 U.S.C. § 1692; 2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes" (*see* 15 U.S.C. § 1692a(5)); 3) defendant must be a "debt collector" as defined by 15 U.S.C. § 1692a(6)[12]; and 4) defendant must have violated § 1692e's prohibitions.  The absence of any factor is fatal to plaintiffs' claims under § 1692e**.**

> **1.      Whittiker's and Kimball's FDCPA claims
> are time barred by the statute of limitations**

15 U.S.C. § 1692k(d) provides that an action pursuant to § 1692e may be brought in federal court without regard to the amount in controversy "within one year from the date on which the violation occurs."  In their motions, defendants argue that Whittaker's and Kimball's FDCPA claims are barred by the applicable statute of limitations.  Plaintiffs do not deny that Whittiker's and Kimball's FDCPA claims were filed outside of § 1692k(d)'s one year statute of limitations, but argue that their claims are subject to equitable tolling because defendants' alleged misrepresentations that DBNTC was the owner and holder of their notes were concealed by the defendants and could not be reasonably discovered by plaintiffs.

The Recommendation assumed without deciding for the purpose of that analysis that the FDCPA's one year statute of limitations was subject to equitable tolling.  However, the

---

[12] DBNTC argues in its motion to dismiss that it is not a debt collector within the meaning of the FDCPA. However, the Court need not and does not decide that issue in this case because the plaintiffs' FDCPA claims fail on other grounds.

(1:08 CV 300)

Recommendation concluded that the application of equitable tolling to Whittiker's and Kimball's claims was not appropriate.  The plaintiffs have objected to the Recommendation on this point, and therefore the Court will review the issue *de novo*.

Plaintiffs Whittiker and Kimball assert that defendants concealed their FDCPA cause of action arising from defendants' misrepresentations of DBNTC's ownership of the note and mortgage in the underlying foreclosure actions, and that these misrepresentations equitably toll the FDCPA's one year statute of limitations.  The Sixth Circuit has not yet ruled whether the FDCPA statute of limitations is subject to equitable tolling.[13]  However, based on its analysis below, the Court concludes that plaintiffs cannot prevail on their equitable tolling argument even assuming that the FDCPA statute of limitations is subject to equitable tolling.  Therefore is not necessary for the Court to decide in this case whether the FDCPA statute of limitations is subject to equitable tolling.

In order to establish equitable tolling by fraudulent concealment, plaintiffs must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitation period; and 3) until discovery of the cause of action, plaintiffs exercised due diligence in trying to find out about the cause of action.  *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir. 1988).  Whittiker and Kimball have not alleged the elements of

---

[13] Although the Sixth Circuit has not ruled precisely on this issue, the *Foster* court in the Southern District of Ohio concluded that equitable tolling is available to FDCPA plaintiffs based on the Sixth Circuit decision finding equitable tolling applicable to the Truth in Lending Act statute of limitations.  *See Foster, et al. v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 977 (S.D. Ohio 2006) (citing *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1040-43 (6th Cir. 1984)).

(1:08 CV 300)

equitable tolling by fraudulent concealment in their complaint, and other documents properly before the Court on these Rule 12 motions provide no support for the application of equitable tolling to Whittiker's and Kimball's claims even when viewed in a light most favorable to the plaintiffs.

Defendants' conduct that allegedly violates the FDCPA are the allegedly false statements in the underlying foreclosure complaints that DBNTC was the owner and holder of the notes and mortgages which were the subject of the foreclosure. Whittiker and Kimball have not alleged, and the pleadings and other documents properly before the Court and viewed in favor of plaintiffs do not indicate, that these allegedly false statements were affirmatively concealed from plaintiffs by defendants, or that, despite the exercise of due diligence, defendants' conduct prevented plaintiffs from discovering their FDCPA claims.[14]

Based on this analysis, the Court concludes that, in this case, it would not be appropriate to equitably toll the FDCPA statute of limitations even if the FDCPA statute of limitations were subject to equitable tolling. Accordingly, the Court concurs with the Recommendation and finds that Whittiker's and Kimball's claims are time-barred by the FDCPA statute of limitations.

---

[14] Additionally in the case of Whittiker, the FDCPA was asserted as an affirmative defense in the answer to the foreclosure complaint filed by Whittiker's attorney in the Whittiker Foreclosure Action. Further, DBNTC filed a motion in the Whittiker Foreclosure Action to "substitute" itself as the party plaintiff after the assignment of the note and mortgage had been completed, and the state court granted that motion. Under these facts, Whittiker, who was represented by counsel in the underlying foreclosure action, cannot realistically claim that the FDCPA claims now before this Court could not have been reasonable discovered despite the exercise of due diligence within the statute of limitations, or that DBNTC concealed the status of the assignment of the underlying note/mortgage which Whittiker now alleges constitutes a FDCPA violation.

(1:08 CV 300)

## 2.    Plaintiffs do not assert actionable FDCPA claims

### a.    Kimball

The Court has already determined that Kimball's FDCPA claims are barred by the statute of limitations.  Additionally, Kimball has failed to allege actionable FDCPA claims.

The prohibitions of the FDCPA cover debts which arise out of transactions primarily for personal, family, or household purposes.  *See* 15 U.S.C. § 1692a(5).  Whittiker and Stepanek allege in the Complaint that their debt was created primarily for personal, family or household purposes.  However, this allegation is conspicuously absent from Kimball's allegations.  The absence of this allegation to establish that Kimball's debt is even covered by the prohibitions of the FDCPA § 1692e was pointed out in the defendants' briefs and in the Recommendation, but not refuted in plaintiffs' opposition to defendants' motions or in plaintiffs' objections to the Recommendation.

Construing in Kimball's favor the Complaint and documents properly before the Court on defendants' Rule 12 motions, there is nothing to support a finding that Kimball's debt is primarily for personal, family, or household purposes.  This failure is fatal to Kimball's FDCPA claims even if Kimball was not already time-barred by the FDCPA statute of limitations.  *Kafele v. Shapiro,* 2006 WL 783457 at *5 (S.D. Ohio) (plaintiff's claim under the FDCPA fails as a matter of law because plaintiff made no attempt to come forward with evidence that the subject properties were for personal, family or household purposes).

21

(1:08 CV 300)

The Court finds that Kimball's FDCPA claims fail as a matter of law in addition to being time-barred by the FDCPA statute of limitations, and concurs with the Recommendation. Accordingly, DBNTC's motion to dismiss Kimball's FDCPA claims is granted.

### b.    DBNTC's foreclosure complaints not deceptive to the least sophisticated consumer[15]

The "essence" of plaintiffs' FDCPA claims is that "defendants misrepresented Deutsche Bank's ownership of Plaintiffs' notes and thus concealed the fact that it lacked capacity to bring the foreclosure actions." ECF 85, p. 41 of 47.  In the case of Whittiker[16] and Kimball, the debt was assigned to DBNTC and recorded  prior to the final adjudication of the state court foreclosure actions.[17]  Implicit in the state courts' judgments in favor of DBNTC in the Whittiker and Kimball Foreclosure Actions is the determination that any standing and capacity issues that may have been present are not fatal to a state court action, but may be cured.[18]  In the case of

---

[15] The Court has already determined that, as a threshold matter, Whittiker's and Kimball's claims are time barred by the FDCPA statute of limitations.  Further in the case of Kimball, the Court has determined that her FDCPA claims fail because Kimball has not alleged or placed before the Court any evidence that her debt was for personal, family, or household purposes.  Nevertheless, the analysis of this section also applies to the Whittiker and Kimball plaintiffs.

[16] After DBNTC commenced the foreclosure proceeding against Whittiker, DBNTC moved the state court to allow "substitution" of DBNTC as the plaintiff after the assignment of the debt was completed, which was granted.  *See* ECF 69-4 and 69-9.  As plaintiffs point out in their opposition to defendants' motions to dismiss, the state court's judgment was based on DBNTC's ownership of the note at the time the foreclosure judgment was granted.

[17] *See* citations to documents for which the Court has taken judicial notice in the Recommendation at p. 5.

[18] In Ohio, except in limited cases involving administrative appeals, standing is not jurisdictional but may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter.  *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St. 3d 70, 77 (1998); *see also Bank of New York v. Stuart,* 2007 WL 936706 (9th District) (bank that had filed foreclosure action could cure real-party-in-interest problem by subsequently obtaining the mortgage); *Foster,* 463 F. Supp. 2d at 791 (state court determined that even though plaintiff did not have legal capacity to sue because plaintiff had not registered with Secretary of State, the

(continued...)

(1:08 CV 300)

Stepanek, the mortgage loan was assigned and recorded prior to or at the same time Stepanek

Foreclosure Action was filed.

In the Sixth Circuit, a false statement that is not deceptive applying the objective "least

sophisticated consumer" test is not a violation of the FDCPA.  *See Lewis v. ACB Business*

*Services, Inc.,* 135 F.3d 389, 401-02 (6th Cir. 1998).[19]  Further, simple inability to prove present

debt ownership at the time a collection action is filed does not constitute a FDCPA violation.

*Harvey v. Great Seneca Financial Corporation,* 453 F.3d 324, 331-33 (6th Cir. 2006).  However,

when a complaint for a FDCPA violation alleges that the plaintiff in the underlying collection

action asserted it was the owner of the debt "all the while knowing that they did not have means

of proving the debt," that FDCPA complaint will survive a motion to dismiss for failure to state a

claim.  *See Delawder v. Platinum Financial Services,* 443 F. Supp. 2d 942, 945 (S.D. Ohio 2005)

---

[18](...continued)
collection action could remain pending after plaintiff registered with Secretary of State and then had legal capacity); *but see Wells Fargo Bank v. Byrd,* 178 Ohio App. 3d 285, 897 N.E. 2d 722, 725-27 (2008) (in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure lack of standing by subsequently obtaining an interest in the mortgage).

The Court recognizes that standing, capacity to sue, and real-party-in-interest are different concepts that are frequently confused.  *See Firestone v. Galbreath,* 976 F.2d 279, 283 (6th Cir. 1992).  However, the various use of these terms by the parties does not alter the analysis or outcome in this case.

[19] Two district courts in the Southern District of Ohio have relied on an unpublished Sixth Circuit opinion to arrive at a different conclusion.  *See Kelly v. Great Seneca Financial Corp.,* 443 F. Supp. 2d 954, 961 (S.D. Ohio 2005) ("[A]fter *Lewis,* where a per se false statement was apparently not enough without "deception," the Sixth Circuit suggested in an unpublished opinion that an "incorrect" representation in a collection letter is sufficient under section 1692e(2) to withstand a motion to dismiss, without discussing its deceptive or misleading character."(citing *Savage v. Hatcher,* 109 Fed. Appx. 759, 761(6th Cir. 2004)); *Hartman v. Asset Acceptance Corp.,* 467 F. Supp. 2d 769, 779 (S.D. Ohio 2004) ("[A]fter *Lewis,* where a per se false statement was apparently not enough without "deception," the Sixth Circuit has recently suggested in an unpublished opinion that an "incorrect" representation in a collection letter is sufficient under section 1692e(2) to withstand a motion to dismiss, without discussing its deceptive or misleading character."(citing *Savage v. Hatcher,* 109 Fed. Appx. 759, 761(6th Cir. 2004)).

(1:08 CV 300)

(false affidavit attached to complaint "all the while knowing that they did not have means of proving the debt").

   In finding no FDCPA violation based inability to establish debt ownership at the time the collection action is filed, the *Harvey* court distinguished the facts before it from *Delawder*. Unlike the plaintiff in *Delawder*, the plaintiff in *Harvey* did not allege that the defendants in the underlying collection action attached a false document to the collection complaint or even that the debt-collection claim was false or unsubstantiated.  The *Harvey* court further distinguished the facts before it from cases in other circuits where misrepresentations of the legal character of the debt owed constituted a false, misleading, or deceptive practice to the unsophisticated consumer under the FDCPA.  *Harvey v. Great Seneca Financial Corporation,* 453 F.3d at 332-33 (citing *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767, 771 (8th Cir. 2001) (filing of lawsuit to collect a debt that is barred by the statute of limitations is false, misleading and deceptive); *Goins v. JBC & Assoc.,* 352 F. Supp. 2d 262, 272 (D. Conn. 2005) (letters threatening suit on time-barred debt is a misleading representation); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1331 (D.N.M. 2000) (filing of a time-barred claim is a deceptive practice because the debt cannot be pursued in court); *Kimber v. Fed. Fin. Corp.,* 668 F. Supp. 1480, 1489 (M.D. Ala. 1987) (letters threatening to sue on time-barred claim is misleading because debt collector cannot legally prevail in such a lawsuit)); *see also, Foster,* 463 F. Supp. 2d at 801-03 (§ 1692e violated when collection action commenced even though plaintiff was prohibited from commencing or maintaining civil action in any Ohio court under a fictitious name without complying with registration and recording requirements with the Secretary of State pursuant to

(1:08 CV 300)

Ohio Rev. Code §§ 1329.06 and 1329.10; § 1692e violated when collection action brought against spouse who did not have legal obligation to pay); *Williams v. Javitch, Block & Rathbone, LLP,* 480 F. Supp. 2d 1016 (S.D. Ohio 2007) (knowledge that information in affidavit is false as to specifics of debt is more than lack of paper trail); *Gionis v. Javitch, Block & Rathbone, LLP,* 238 Fed. Appx. 24, 28-30 (threat to take action that cannot be legally taken in Ohio (collect attorney fees) violates § 1692e).

In this case, plaintiffs do not claim that DBNTC filed the underlying foreclosure actions all the while knowing that it did not have the means to prove ownership of the debts.  In fact, based on documents properly before the Court, DBNTC, as trustee, was the holder of the mortgages and accompanying notes of each of the plaintiffs at the time the state foreclosure actions were filed,[20] and the state courts rendered judgments in favor of DBNTC in the Whittiker and Kimball Foreclosure Actions based on DBTNC's ownership of those debts.

Further, plaintiffs do not claim that the existence or amounts of the debts are false, that DBNTC could not prove the debts, that they have no legal obligation to pay the debts, that the underlying foreclosure actions are time-barred, or some other circumstance under which DBNTC filed suit when it could not legally prevail in the underlying foreclosure actions.  In fact, DBNTC did legally prevail in the Whittiker and Kimball Foreclosure Actions.  The Stepanek Foreclosure Action was not concluded when the Complaint was filed.

The Court finds the analysis of *Harvey* and *Lewis* to be persuasive in this case.  The fact that DBNTC may have filed the state court foreclosure actions before assignment of the debt was

---

[20] *See* ECF 99, pp. 13-19.

25

(1:08 CV 300)

completed is not deceptive or misleading to the least sophisticated debtor as to DBNTC's ability to prove ownership of the debts, the existence or amount of the debts, the plaintiffs' obligations to pay the debts, or the ability of DBNTC to legally prevail in the foreclosure actions.  The filing of a foreclosure action by a plaintiff in the process of obtaining an assignment not yet fully documented is not a deceptive, misleading, or abusive tactic and does not violate the FDCPA. *See Harvey,* 453 F.3d at 330-331; *Shivone*, 2008 WL 3154702 at *1("The Court is not convinced that filing a complaint in a mortgage foreclosure on behalf of a lender in the process of obtaining an assignment not fully documented constitutes a violation of the Fair Debt Collection Practices Act." (citing *Harvey,* 453 F.3d at 329-333)).

The Court finds that plaintiffs' FDCPA claims fail as a matter of law because even if DBNTC's assertion in the underlying foreclosure actions that it was the owner and holder of the notes and mortgages is false, the Court finds that it is not deceptive, misleading or abusive, and concurs with the Recommendation.  Accordingly, defendants' motions as to plaintiffs' FDCPA claims (Count 1) are granted.

G.      **The Ohio "Negotiation" Statute, Ohio Rev. Code § 1303.21**

The primary focus of plaintiffs' objections to the Recommendation is that it did not consider the Ohio "negotiation" statute.  According to plaintiffs, defendants' failure to satisfy the requirements of Ohio Rev. Code § 1303.21 means that DBNTC's representation in the underlying foreclosure complaints that it is the "holder" of plaintiffs' notes is false, and therefore violates § 1692e of the FDCPA.

26

(1:08 CV 300)

As discussed in the previous section, the documents properly before the Court establish that DBNTC, as trustee, was the holder of the notes and mortgages.  In the case of Stepanek, the mortgage was assigned when the Stepanek Foreclosure Action was filed.

However, also for the reasons discussed in the previous section, even if defendants' alleged failure to comply with the requirements of Ohio Rev. Code § 1303.21 rendered DBNTC's statements in the underlying foreclosure actions false, the Court finds that the least sophisticated consumer would not be deceived regarding the debt, DBNTC's ability to prove ownership of the debt, or DBNTC's ability to legally prevail in the underlying state foreclosure actions.  Accordingly, the alleged non-compliance with Ohio Rev. Code § 1303.21, even if true, does not result in an actionable claim under § 1692e of the FDCPA.

## H.    The Court Declines to Exercise Jurisdiction Over State Law Claims

28 U.S.C. § 1367 provides for the exercise of supplemental jurisdiction by district courts over state law claims.  Pursuant to the statue, a district court may decline supplemental jurisdiction over a state law claim when the district court has dismissed all claims over which the district court had original jurisdiction.  28 U.S.C. § 1367(c)(3).

The Court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims.  *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254 (6th Cir. 1996).  The usual course is for the district court to dismiss the state law claims if all federal claims are disposed of prior to trial.  *See Musson Theatrical,* 89 F.3d at 1254 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 900 (6th Cir. 2001) (quoting *Gibbs,* 383 U.S. at 726).

(1:08 CV 300)

In this case, plaintiffs' FDCPA claims (Count 1) were their only federal claims. Plaintiffs' only remaining claims, Counts 2 and 3, are state law claims.  There are no exceptional circumstances in this case that would justify the Court exercising its discretion to retain jurisdiction over the two remaining state law claims.

After conducting a *de* novo review, the Court concurs with the the Recommendation and declines to exercise supplemental jurisdiction over Counts 2 and 3 of the Complaint. Accordingly, Counts 2 and 3 of the Complaint are dismissed without prejudice.

## IV. CONCLUSION

For the reasons discussed herein after a *de novo* review, and for the reasons contained in the Recommendation, the Court rules as follows:

1) Defendant MDK's motion for judgment on the pleadings (ECF 70) is denied without prejudice as moot;

2) Defendant Reisenfeld's motion for judgment on the pleadings (ECF 72) is granted as to Count 1.  The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice.  Consequently, Reisenfeld's motion judgment on the pleadings as to Counts 2 and 3 is denied without prejudice as moot;

3) Defendant WWR's motion for judgment on the pleadings (ECF 74) is granted as to Count 1.  The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice.  Consequently, WWR's motion for judgment on the pleadings as to Counts 2 and 3 is denied without prejudice as moot;

(1:08 CV 300)

4) Defendant DBNTC 's motion to dismiss (ECF 75) is granted as to Count 1.  The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice.  Consequently, DBNTC's motion to dismiss as to Counts 2 and 3 is denied without prejudice as moot; and

5) DBNTC's requests that the Court to take judicial notice of certain documents in support of DBNTC's motion to dismiss, ECF 76 and 92-2, are granted.

Also pending before the Court is plaintiffs' motion for class certification (ECF 54). Because the Court has granted the defendants' dispositive motions as to plaintiffs' federal claims, and declined to exercise jurisdiction over plaintiffs' two state law claims, plaintiffs' motion for class certification (ECF 54) is moot, and therefore denied as such without prejudice.

IT IS SO ORDERED.


  March 17, 2009                                      *s/ David D. Dowd, Jr.*
Date                                                 David D. Dowd, Jr.
                                                     U.S. District Judge

29